## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

JUSTIN SPENCE,

        Petitioner,

v.

MICHAEL MILLER,

        Respondent.

Case No. 25-CV-105-JFH-JAR

## OPINION AND ORDER

Now before the Court is Respondent Michael Miller's Motion to Dismiss Petitioner Justin Spence's Petition for a Writ of Habeas Corpus [Dkt. No. 1] filed pursuant to 28 U.S.C. § 2241. Dkt. No. 10.   Petitioner challenges disciplinary proceedings that resulted in the loss of good time credits.   By order dated August 4, 2025 [Dkt. No. 7], the Court directed Respondent to file an answer to the Petition in accordance with Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts*.   Dkt. No. 7 at 1; *see Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (explaining Section 2254 Rule 1(b) permits courts to apply the Section 2254 Rules to a § 2241 habeas action).   The Court noted, however, that Respondent alternatively could file a motion to dismiss the petition "if a clear procedural bar exists."   Dkt. No. 7 at 1.   The Court further noted that if Respondent files a motion to dismiss the Petition and the Court denies the motion, the Court would "order further briefing, if necessary, regarding the merits of Petitioner's claims."   *Id.* at 1 n.1.

On November 7, 2025, Respondent filed the instant Motion to Dismiss, arguing that dismissal is appropriate because Petitioner failed to exhaust administrative remedies and because Petitioner received due process in his disciplinary proceedings.   Dkt. No. 10 at 3-6.   The Court's August 4, 2025, Order did not permit the submission of a merits argument in a motion to dismiss. Further, both of Respondent's arguments rely on materials outside of the pleading.   Unlike in habeas actions brought pursuant to 28 U.S.C. § 2254, where matters of timeliness and exhaustion

of state court remedies often may be resolved by reliance on records that are publicly available and subject to judicial notice, an exhaustion defense in a § 2241 action challenging prison disciplinary proceedings typically turns on materials that are not publicly available.

While the Court recognizes that "habeas proceedings may be exempt in some circumstances from strict application of the Federal Rules of Civil Procedure," the Court declines to consider whether such exemption might extend to the circumstances here, as any potential prejudice to either party can be avoided by permitting the matters to be reasserted in a Rule 5 answer. *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1088 (10th Cir. 2008); *see* Fed. R. Civ. P. 12(d); *Carpenter v. Goldey*, No. CIV-24-322-J, 2025 WL 913638, at *1 (W.D. Okla. Feb. 12, 2025) (R. & R.) (noting that the court had converted respondent's motion to dismiss the § 2241 petition into a motion for summary judgment because the motion relied on materials outside the petition).   Accordingly, the Court denies Respondent's Motion to Dismiss.   The denial, however, is without prejudice to Respondent raising the arguments (and any others) in a Rule 5 answer to the Petition.

IT IS THEREFORE ORDERED that:

1) Respondent's Motion to Dismiss [Dkt. No. 10] is DENIED without prejudice to reasserting the arguments in a Rule 5 answer to the Petition;

2) Respondent is directed to file an answer to the Petition, pursuant to Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts*, within twenty-one (21) days of this Order;

3) Petitioner is advised that he may submit a reply to Respondent's answer within fourteen (14) days of its submission; and

4) the Clerk of Court is directed to electronically send a copy of this Order to the Oklahoma Department of Corrections General Counsel at kari.hawkins@doc.ok.gov.

Dated this 27th day of July 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE